United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 20, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-40013
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBERTO AGUILAR-JUAREZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-02-CR-559-1
--------------------

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Alberto Aguilar-Juarez appeals his guilty-plea conviction
and sentence for being found in the United States, without
permission, following deportation, in violation of 8 U.S.C.
§ 1326. Aguilar-Juarez concedes that both of his appellate
arguments are foreclosed. He raises the issues to preserve them
for further review.

Aguilar-Juarez argues that the district court erred in
determining that his prior state felony convictions for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

possession of marijuana were "drug trafficking crimes" under 8 U.S.C. § 1101(a)(43)(B) and thus "aggravated felonies" which warranted an eight-level increase in his base offense level under U.S.S.G. § 2L1.2(b)(1)(C)(2002) and 8 U.S.C. § 1326(b)(2). Aguilar-Juarez's argument regarding the definitions of "drug trafficking crimes" and "aggravated felonies" is foreclosed by United States v. Caicedo-Cuero, 312 F.3d 697, 706-11 (5th Cir. 2002), cert. denied, 123 S. Ct. 1948 (2003). The district court did not err in sentencing Aguilar-Juarez under U.S.S.G. § 2L1.2(b)(1)(C)(2002) and 8 U.S.C. § 1326(b)(2).

Aguilar-Juarez also argues that 8 U.S.C. § 1326(b) is unconstitutional because it treats a prior conviction for a felony or aggravated felony as a sentencing factor and not as an element of the offense. Aguilar-Juarez's argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235, 239-47 (1998). Apprendi v. New Jersey, 530 U.S. 466, 489-90 (2000), did not overrule that decision. See United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). Thus, the district court did not err in sentencing Aguilar-Juarez under 8 U.S.C. § 1326(b).

The Government has moved for a summary affirmance in lieu of filing an appellee's brief. The Government asks that an appellee's brief not be required. The motion is GRANTED. The judgment of the district court is AFFIRMED.

AFFIRMED; MOTION GRANTED.